The Honorable Katherine Harris Secretary of State The Capitol Tallahassee, Florida 32399-0250 Re: RECORDS — ELECTIONS — cost for copies of records in central voter file. ss. 98.097 and 119.07(1), Fla. Stat.
Dear Secretary Harris:
You ask substantially the following question:
May the Division of Elections of the Department of State charge more than the actual cost of duplication for voter registration information under section 98.097, Florida Statutes, and the public records law?
In sum:
Unless the specific request for copies requires extensive clerical or supervisory assistance or extensive use of information technology resources, or both, the Division of Elections may charge only the actual cost of duplication for copies of voter registration records as provided in section 119.07(1)(a), Florida Statutes.
Section 119.07(1)(a), Florida Statutes, provides:
"Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee. The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, for duplicated copies of not more than 14 inches by 8 1/2 inches, upon payment of not more than 15 cents per one-sided copy, and for all other copies, upon payment of the actual cost of duplication of the record. . . . The phrase "actual cost of duplication" means the cost of the material and supplies used to duplicate the record, but it does not include the labor cost or overhead cost associated with such duplication. . . ."
Thus, the statute does not authorize the addition of incidental costs such as utilities or other office expenses to the charge for public records.[1] Nor may an agency charge fees designed to recoup the original cost of developing or producing records.[2]
Section 119.07(1)(b), Florida Statutes, however, authorizes the imposition of a special service charge when the nature or volume of the records requested is such as to require extensive clerical or supervisory assistance, or extensive use of information technology resources.[3] The imposition of such a service charge, however, is dependent on the nature or volume of the records requested, not on the cost to either develop or maintain the records or database system. Thus, an agency may not impose the charge because of the cost incurred in developing or maintaining the system. Nor is the fact that the request involves the use of information technology resources sufficient to incur the imposition of the special service charge; rather, extensive use of such resources is required.[4]
Section 98.097, Florida Statutes, establishes a central voter file (CVF) administered by the Division of Elections (division). The file consists of a statewide, centrally maintained database containing the voter registration information from all counties in this state. According to your letter, the CVF was created in 1997. Initial funding was provided by the Legislature to procure a server on which to process the CVF and to contract with a private vendor to compare registration records in the CVF with available felony, death, and mental incapacity records.
Pursuant to section 98.0975, Florida Statutes, the division is required to annually provide each county supervisor of elections with a list containing the name, address, date of birth, race, gender, and any other available identification information included in the CVF for each registered voter in the supervisor's county who is deceased, has been convicted of a felony and not had his or her civil rights restored, or has been adjudicated mentally incompetent and whose mental capacity with respect to voting has not been restored. To accomplish this, section 98.0975(3)(a) authorizes the division to annually contract with a private entity to compare information in the CVF with available information in other computer databases, including, without limitation, databases containing reliable criminal records and records of deceased persons.
Section 98.097(2), Florida Statutes, provides:
"All voter registration records and other information in the central voter file, excluding any information that is confidential or exempt from public records requirements, shall be considered public records for the purposes of chapter 119."
Subsection (3) of section 98.097, Florida Statutes, however, states that the CVF "shall be self-sustaining." The issue has been raised as to whether the division, in light of the language of subsection (3), has the authority to adopt fees for copying records in the CVF that differ from those prescribed in Chapter 119, Florida Statutes.
As noted above, section 119.07(1), Florida Statutes, limits the fees for copying records to the actual cost of duplication unless otherwise prescribed by law. Section 119.07(1) itself prescribes the fee for certain copies. The statute authorizes an agency to charge 15 cents per page for duplicated one-sided copies of not more than 14 inches by 8 1/2 inches, with an additional 5 cents for two-sided copies. It also authorizes a charge of up to $1 per copy for a certified copy of a public record.
Other examples where the Legislature has prescribed the fee to be imposed for copies include Chapter 28, Florida Statutes, which establishes the charges that may be imposed for copying records of the clerk of court.[5] The Legislature has also prescribed the fees that may be imposed for certain records of the Department of Highway Safety and Motor Vehicles.[6]
Section 98.097, Florida Statutes, merely states that the CVF shall be self-sustaining.[7] It does not, as noted in the staff analysis for the bill creating the file, provide a funding mechanism for the maintenance of the CFV,[8] nor does it prescribe the fees that may be imposed for copies of public records. Rather, it states that the records in the file are public records for purposes of Chapter 119, Florida Statutes.
In light of the above, I am of the opinion that the provisions of section 119.07(1), Florida Statutes, govern the copying charges that may be imposed for copies of records in the CVF. Accordingly, unless the specific request for copies requires extensive clerical or supervisory assistance, or extensive use of information technology resources, or both, the Division of Elections may charge only the actual cost of duplication for copies of voter registration records as provided in section 119.07(1)(a), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., Op. Att'y Gen. Fla. 90-07 (1990) (police department may not charge for travel time and retrieval costs for public records stored off-premises).
[2] See, Op. Att'y Gen. Fla. 88-23 (1988) (state attorney is not authorized to impose a charge to recover part of the costs incurred in production of a training program; rather, fee to obtain copy of videotaped program is limited to actual cost of duplication of the tape); 85-03 (1985) and 89-93 (1989).
[3] See, s. 282.303(13), Fla. Stat., defining "Information technology resources."
[4] See, Op. Att'y Gen. Fla. 84-81 (1984), stating that the special service charge may not be routinely imposed; thus, the special charge could not be imposed merely because the records requested contained exempt material.
[5] See, e.g., s. 28.24, Fla. Stat.
[6] See, e.g., s. 320.05(3)(b), Fla. Stat., stating:
"Fees therefor shall be charged and collected as follows:
1. For providing lists of motor vehicle or vessel records for the entire state, or any part or parts thereof, divided according to counties, a sum computed at a rate of not less than 1 cent nor more than 5 cents per item.
2. For providing noncertified photographic copies of motor vehicle or vessel documents, $1 per page.
3. For providing noncertified photographic copies of micrographic records, $1 per page.
4. For providing certified copies of motor vehicle or vessel records, $3 per record.
5. For providing noncertified computer-generated printouts of motor vehicle or vessel records, 50 cents per record.
6. For providing certified computer-generated printouts of motor vehicle or vessel records, $3 per record.
7. For providing electronic access to motor vehicle, vessel, and mobile home registration data requested by tag, vehicle identification number, title number, or decal number, 50 cents per item.
8. For providing electronic access to driver's license status report by name, sex, and date of birth or by driver license number, 50 cents per item.
9. For providing lists of licensed mobile home dealers and manufacturers and recreational vehicle dealers and manufacturers, $15 per list.
10. For providing lists of licensed motor vehicle dealers, $25 per list.
11. For each copy of a videotape record, $15 per tape.
12. For each copy of the Division of Motor Vehicles Procedures Manual, $25."
And see, s. 943.053(3), Fla. Stat., authorizing the Florida Department of Law Enforcement to provide persons in the private sector with criminal history information upon tender of fees as established and in the manner prescribed by rule of the Department of Law Enforcement, such fees to approximate the actual cost of producing the record information.
[7] An examination of other statutes requiring that a fund be "self-sustaining" revealed s. 252.84, Fla. Stat., of the "Florida Hazardous Materials Emergency Response and Community Right-to-Know Act of 1988," which provides that the state activities and expenditures under Part II, Ch. 252, Fla. Stat. shall be self-sustaining, supported primarily by the fees provided in this part. Section 252.85, Fla. Stat., establishes the fees that may be imposed. And see, s. 252.938, Fla. Stat. (1998 Supp.), which provides that the state activities and expenditures under the Florida Accidental Release Prevention Program and Risk Management Planning Act shall be self-sustaining through fees contributed by specified sources as provided in this part, and s. 252.939, Fla. Stat. (1998 Supp.), authorizing the department to establish a fee schedule and prescribing the maximum fees that may be imposed.
[8] See, House of Representatives Committee on Election Reform Bill Analysis Economic Impact Statement on CS/HB 461, HB 281 
HB 75, dated March 4, 1997. The staff analysis states:
"It is unclear whether this language [that CVF be self-sustaining] is specific enough to allow the Secretary of State to charge user fees for maintenance of the file in excess of the fees designated in Chapter 119, F.S., for public records requests. At this time, there is no way to determine the amount of fees that will be collected by the Division pursuant to s. 119.07, F.S."
And see, Senate Staff Analysis and Impact Statement, Committee on Executive Business, Ethics and Elections, on CS/SB 568 (the companion bill to HB 461), dated March 18, 1997, which contains a similar statement.